Case 08-09059    Filed 04/02/09    Doc 36

2008-09059
FILED
April 02, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001747676

**3**

CLIFFORD W. STEVENS (Cal. Bar No.: 148918)
MICHAEL R. TENER (Cal. Bar No.: 253790)
NEUMILLER & BEARDSLEE,
a Professional Corporation
P.O. Box 20
Stockton, CA  95201-2030
Telephone:  (209) 948-8200
Facsimile:  (209) 948-4910

Attorneys for Plaintiff,
Gary Farrar, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO BRANCH

| | |
|---|---|
| In re<br><br>KEVIN P. JOHNSON and SHEILA G. JOHNSON,<br><br>              Debtors.<br>_____<br>GARY FARRAR, Chapter 7 Trustee<br><br>              Plaintiff,<br><br>     vs.<br><br>KEVIN P. JOHNSON and SHEILA G. JOHNSON,<br><br>              Defendants.<br>_____ | Case No. 08-90273<br><br>CHAPTER 7<br><br>Adversary Proceeding No. 08-09059<br><br>[PROPOSED] FINDINGS AND CONCLUSIONS OF LAW CONCERNING TRUSTEE'S MOTION FOR TERMINATING SANCTIONS OR, IN THE ALTERNATIVE, FOR AN ORDER COMPELLING COMPLIANCE WITH DOCUMENT PRODUCTION REQUEST<br><br>Date:  April 1, 2009<br>Time: 10:30 a.m.<br>Dept: Department D |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The continued hearing on Trustee's Motion for Terminating Sanctions or, in the Alternative, for an Order Compelling Compliance with Document Production Request the above-entitled and numbered cause took place on April 1, 2009 at 10:30 a.m. in Courtroom D of the United States Bankruptcy Court for the Eastern District of California, Modesto Branch.  Michael R. Tener appeared as counsel for Trustee.  Defendant KEVIN P. JOHNSON [appeared] [did not appear].

1
Proposed Findings and Conclusions of Law

RECEIVED
April 01, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001747676

The Court having heard the testimony and having examined the proofs offered by the parties, and having heard the arguments of counsel, and being fully advised, now makes the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. On October 22, 2008 Trustee, serving notice by mail, noticed the deposition of Defendant KEVIN P. JOHNSON (hereinafter, "Defendant") for November 25, 2008, at the law offices of Neumiller & Beardslee, located at 509 W. Weber Avenue, Stockton, California. This notice included a Request for Production of relevant documents.

2. Defendant failed to appear for his deposition on November 25, 2008, and offered no excuse for his own failure to appear.

3. On November 26, 2008, Trustee filed a motion to compel Debtor's attendance at his deposition. The hearing on that motion was held on December 10, 2008. This Court ordered Defendant to appear for his deposition on January 7, 2009.

4. Defendant appeared for his deposition on January 7, 2009, but failed to bring with him any documents at all, and consequently failed to comply with Trustee's Request for Production of Documents. Defendant offered as an excuse that he had left the documents at home in Turlock, California, a substantial distance from the location of the deposition in Stockton. Rather than postpone the deposition, Trustee's counsel stipulated with Defendant that the deposition would go forward without the documents, but that Defendant would be required thereafter to provide the documents by January 9, 2009. The stipulation provided that Trustee's counsel could, at his election, continue the deposition on a later date after receiving the documents.

5. Defendant failed to produce the documents on January 9, 2009 or at any time thereafter. Trustee made several attempts to reach Defendant and induce him to comply and offering brief extensions of the deadline to produce the documents. Trustee's attempts included e-mails and a telephone call on January 26, 28, and 29, respectively. Trustee received no response.

6. Trustee filed a second discovery motion on February 17, 2009, this time seeking terminating sanctions or, alternatively, a motion to compel and sanctions. This motion was served

on Defendant by mail to his address of record in this case and to the alternative address Defendant provided at his deposition.

7.   This motion came before the Court for hearing on March 4, 2009.  Defendant failed to appear.  This Court continued the hearing on this motion to April 1, 2009, and ordered that if Defendant failed to produce the documents by March 23, 2009, terminating sanctions would be issued.  Defendant was served with a copy of the Court's Order on March 13, 2009, by mail to his address of record in this case and to the alternative address Defendant provided at his deposition.  Trustee also attempted to reach Defendant by telephone but to no avail.

8.   Defendant failed to produce the documents by March 23, 2009, and has not produced any responsive documents at this time.

9.   Trustees' attorneys have expended more than 12 hours in attempting to obtain Defendant's compliance with Trustee's Notice of Deposition and Request for Production of Documents.  At Trustee's attorney's applicable billing rate, Trustee has incurred fees of $3,660.

Based on the foregoing findings of fact, the Court makes the following conclusions of law:

## CONCLUSIONS OF LAW

1.   Defendant's failure to produce any documents in response to Trustee's Request for Production constitutes abuse of the discovery process.

2.   Defendant's conduct warrants the imposition of terminating sanctions pursuant to Federal Rules of Civil Procedure, Rule 37, incorporated into bankruptcy proceedings through Federal Rules of Bankruptcy Procedure, Rule 7037.

3.   Consequently, Trustee is entitled to an award of terminating sanctions against Defendant in the form of striking Defendant's responsive pleading and entering Defendant's default.

4.   Trustee's attorneys' fees are properly recoverable under Federal Rules of Civil Procedure, Rule 37(d).  Consequently, Trustee is entitled to an award of attorneys' fees against Defendant in the amount of $3,660.

Dated: April 02, 2009



Robert S. Bardwil, Judge
United States Bankruptcy Court

554157-1